JAMES ALLEN AND ANOTHER, APPELLANTS, *v.* FRANK J. CANNON AND OTHERS, RESPONDENTS.

EQUITY.— NOTICE.— POSSESSION OF HUSBAND AND WIFE. — BONA FIDE PURCHASER.—Where husband and wife are living together upon a piece of land, where the record title is in the wife, through a conveyance from her husband's grantee under a deed absolute in form, but where the husband claims an equitable interest in the property on the ground that his deed to his grantee though absolute in form was a mortgage in fact, the possession of the husband and wife, being consistent with the record title, was not sufficient to put a purchaser upon inquiry as to any claim of the husband.

ID.—ESTOPPEL.—SILENCE AS TO RIGHT.—Where a husband as the owner of land has deeded said land to W. by a deed absolute in form but in fact as security for a debt, and afterwards his wife has paid the debt and taken a deed with warranty from W. for said land and afterwards the wife has sold the land with the knowledge and without objection of the husband, and the husband became informed of such sale before the payment for land was completed and before the deed was delivered, the said husband is estopped as against the purchaser from asserting any interest in the premises.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial. The opinion states the facts.

*Messrs. Maloney and Perkins, Mr. George J. Marsh* and *Mr. C. C. Dey,* for the appellants.

*Mr. Ogden Hiles* for the respondents.

ZANE, C. J. :

This action was commenced in the district court by

James Allen and Martha A. Allen, his wife, against the defendants to obtain the cancellation of a deed by the latter to Frank J. Cannon, and another deed by him to Florence Nelson. The appeal has been dismissed as to Martha A. Allen, on the motion of her solicitor. James Allen was the owner of the west half of lot 7, and a part of lot 8, in block 31, plat A of Ogden city (more accurately described in the record); and on the 16th day of July, 1885, he executed a warranty deed for the consideration of $1,120, of the same to Randsom A. Wells ; and on the 13th day of April, 1888, the latter executed a warranty deed thereof to Martha A. Allen for the expressed consideration of $1,000, and on the 19th day of March, 1890, the latter executed a warranty deed of the same to Frank J. Cannon for the consideration of $5,000; and afterwards he conveyed by a similar deed to Florence Nelson, for the consideration of $7,500. The deed to Wells, though absolute in form, was given to secure the payment of $1,000, and the interest that might accrue thereon. This interest appellant paid until the principal was paid by Martha, his wife, with money borrowed by her from her mother. It is shown by a preponderance of the evidence that the highest price the agent authorized to sell it could obtain for the property was $5,000, and that that was a fair value at the time. The appellant insists that he had an equitable right in the property notwithstanding the deed to his wife was absolute in terms, and that the defendants took their deeds subject to his interest. Martha A. Allen and her husband were living together on the premises, and such residence was not inconsistent with the title in her as it appeared of record, and the husband's presence upon the premises, under the circumstances, did not suggest an inquiry or call for an explanation. In view of the fact that appellant and his wife were living together, it is improbable that she did not explain the transaction with Cannon to him. The evidence

shows that appellant knew that his wife had employed James H. Nelson as her agent to sell the property for her. and that he was negotiating a sale of it, and that he made no objection to it further than to say that he thought it was worth $6,000; and though appellant was informed of the transaction with Cannon in December, that being several months before the final payment was made and the deed was delivered, he did not inform Cannon, his neighbor, of his interest. Appellant should have made his claim known to the agent, and should not have allowed him to impose upon the purchaser, and when the appellant learned of the transaction with Cannon he should have informed him of his rights in the property. The appellant should not have permitted Cannon to deal with Martha A. Allen as he did, under the belief that she was the owner and had full right to convey. The equitable rule is that "if one maintains silence when in conscience he ought to speak, equity will debar him from speaking when in conscience he ought to remain silent." The appellant's language and conduct and silence estop him from asserting any right to the property in question, as against respondents. 2 Pom. Eq. Jur. §§ 803, 818; *Dann* v. *Cudney*, 13 Mich. 239; *Truesdail* v. *Ward*, 24 Mich. 117, 134; *Greeg* v. *Von Phul*, 1 Wall. 280. We find no error in this record sufficient to require a reversal of the judgment appealed from. The judgment of the court below is affirmed.

ANDERSON, J., and BLACKBURN, J., concurred.